UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ALLISON CHRISTMAN,

        Plaintiff

-against-

FIRST CREDIT SERVICES, INC.,

        Defendant

------------------------------------------------------------x

**COMPLAINT**

1:16-cv-565 (BKS/DJS)

## PRELIMINARY STATEMENT

1. The Plaintiff ALLISON CHRISTMAN brings this lawsuit based upon improper and violative debt collection practices utilized and otherwise invoked by the above-named Defendant. These collection practices are expressly prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Based upon the Defendant's violations of the FDCPA, as set forth and alleged herein, the Plaintiff is entitled to statutory damages, attorneys fees, and costs, all pursuant to 15 U.S.C. § 1692k.

## PARTIES

3. The Plaintiff is a natural person.

4. At all times relevant to this Complaint, the Plaintiff was a citizen of, and otherwise resided in, Patttersonville, Schenectady County, New York.

5. The Defendant First Credit Services, Inc. (FCS) is a debt collection business entity and maintains a principle place of business located at 371 Hoes Lane, Suite 300 B, Piscataway, New Jersey.

6. The Defendant FCS was incorporated in the State of New York on December 16, 1999.

7. The Defendant FCS collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

8. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION & VENUE

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district, and because the Defendant is subject to personal jurisdiction in the State of New York at the time this action is commenced.

## FACTS CONCERNING THE PLAINTIFF

11. The Defendant FCS alleges that the Plaintiff is indebted to a creditor doing business as

Natural Academy of Sports Medicine.

12. As a result of the Defendant's allegations the Plaintiff is a "consumer" as that term is defined by the FDCPA.

13. Sometime prior to March 9, 2016 the alleged debt referenced in paragraph 11 heretofore herein was referred to the Defendant for collection purposes.

14. In the attempt to collect the alleged debt the Defendant FCS forwarded a collection letter dated March 9, 2016 to the Plaintiff. A copy of said collection letter is attached hereto as Exhibit "1".

15. The alleged monetary obligation set forth in the subject letter is a "debt" as that term is defined by the FDCPA.

16. The subject letter constitutes a "communication" as that term is defined in the FDCPA.

17. Said letter sets forth (in part) "Current Balance Due: $1,160.19".

18. Although setting forth the alleged amount currently due, the collection letter fails to advise the Plaintiff that the amount which was allegedly currently due could increase over time due to interest and other possible costs and charges.

19. The letter refers to a "TAX SEASON SETTLEMENT OFFER 30% DISCOUNT" in the amount of $812.13.

20. In regard to the settlement offer the letter states (in part) "This settlement offer is valid for 30 days. After the 30 days it will remain valid as long as the creditor authorizes this office to accept this amount."

21. The statement is materially false, deceptive and misleading in that there is no start time for the 30 day settlement period referenced therein (i.e. the date of the letter or the date of the receipt of the letter by the Plaintiff).

22. The statement is further materially deceiving in that the letter is confusing as to how long the settlement offer actually could remain open.

23. In regard to the settlement offer the letter further states (in part) "We reserve the right to renegotiate this offer."

24. The statement reiterated in paragraph 23 heretofore herein is materially false, deceptive and misleading in that it falsely implies that the Plaintiff had participated in the negotiation of the settlement offer, thus admitting that the debt was duly and validly owed when no such admission had been conveyed by the Plaintiff to the Defendant.

25. The statements in the subject letter would affect the decision and/or ability of the least sophisticated consumer to pay and/or challenge an alleged debt.

26. As a result of the allegations set forth heretofore herein the Defendant has violated the FDCPA thus entitling the Plaintiff to the full statutory damages available, together with attorneys fees and costs, all pursuant to the FDCPA.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. The Defendant violated 15 U.S.C.§ 1692e by using false, deceptive and misleading means to collect an alleged debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the

Plaintiff as set forth below:

(i) The maximum statutory damages as are allowed pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(ii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iii) For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands that this case be tried before a Jury.

DATED: New York, New York
       May 16, 2016

                ROBERT L. ARLEO, ESQ. P.C.

By: */ s /  Robert L. Arleo*
    ROBERT L. ARLEO
    380 Lexington Avenue
    17th Floor
    New York, New York 10168
    PHONE (212) 551-1115
    FAX: (518) 751-1801
    Email: robertarleo@gmail.com
    Attorney for the Plaintiff